**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| GETIR US, INC., <br><br> and <br><br> GETIR PERAKENDE LOJISTIK A.S., <br><br>                 Plaintiffs, <br>   v. <br><br> JOHN DOE <br><br> and <br><br> getir190.com, a domain name, <br><br>                 Defendants. | Civil Action No. 1:21-cv-1237 |

## COMPLAINT

Plaintiffs Getir U.S., Inc. ("Getir US") and Getir Perakende Lojistik A.S. ("Getir Turkey") (collectively "Getir"), by and through their undersigned attorneys, and for their Complaint against Defendants John Doe and <getir190.com>, a domain name, allege and state as follows:

## NATURE OF THE ACTION

1. Getir brings this defamation and cybersquatting claim against the website <getir190.com> and its anonymous owner and operator, who are engaged in a campaign to tarnish Getir's goodwill and reputation by using Getir's marks to divert consumers from Getir's website <getir.com> to the infringing website <getir190.com> where demonstrably false statements concerning Getir's business and safety practices are made.

2. As detailed herein, <getir190.com> is using Getir's marks in an apparent bad faith intent to profit by creating a similar website that contains the distinctive "Getir" name and marks to confuse and divert consumers from the "Getir" website to <getir190.com>. After entering the website, Defendants distort and tarnish Getir's marks and falsely claim that (1) "Getir brings death in minutes"; (2) "Our riders are dying to serve you"; (3) "Since 2020, more than 190 Getir riders have died on the job in Turkey among 63,000 traffic accidents involving their riders"; (4) Getir workers in Turkey have no rights and no insurance, exposing them and their families to a life of debt and destitution if they get injured or die on the job"; and (5) "If a driver gets injured or dies, they or their families are left with nothing. The riders have no insurance and can expect no sympathy or pay out from the company. Every Getir driver is a moment away from death, injury, and destitution."

3. Since launching <getir190.com>, Defendants have actively and intentionally taken steps to further their intent to distort and tarnish Getir's marks, including soliciting influencers and others to join their sophisticated campaign in a bad faith intent to profit while causing irreparable harm to Getir.

4. ███████████████████████████████████████████████████████████████████████████████████████████████

5. John Doe's statements are defamatory and Defendants' cybersquatting violates the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").

6. By this lawsuit, Getir seeks to unmask and reveal the anonymous owner and operator of the website getir190.com, transfer the domain name <getir190.com> to Getir, obtain

damages caused by their outrageous conduct, and receive the injunctive relief that is necessary to stop the defendant from irreparably harming Getir's reputation and goodwill.

## PARTIES

7. Plaintiff Getir US, Inc. is a corporation organized and existing under the laws of Delaware with offices in Chicago, Illinois and New York, New York.

8. Plaintiff Getir Perakende Lojistik A.Ş. is incorporated under the laws of the Republic of Turkey and has its registered office at Etiler Mah. Tanburi Ali Efendi Sok. Maya Residences Sit. T Blok No:13/334 Beşiktaş/İstanbul, Türkiye 34337. Getir Perakende Lojistik A.Ş. is the owner/operator of the website www.getir.com, and the owner of the GETIR Trademarks and the GETIR Trade Dress. As such, it has full right and authority to bring this suit to enforce the GETIR intellectual property rights as defined herein.

9. Defendant Domain name <getir190.com> is an Internet domain name which, according to records in the WHOIS database of domain name registrations, was registered on October 14, 2021 by "Domain Privacy Services FBO Registrant." A copy of the domain name registration record for <getir190.com> is attached as Exhibit A.

10. Getir does not know the identity of the fictitiously named John Doe, also known as Getir190.

11. Getir will amend this Complaint to allege the true name and capacity of such factiously named Defendant when the same has been ascertained.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1367.

13. This Court has in rem jurisdiction over the domain name <getir190.com> under 15 U.S.C. § 1125(d)(2)(A).

14. In rem jurisdiction is appropriate because the listed registrant <getir190.com> is a privacy service and therefore Plaintiff cannot find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

15. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa), Plaintiff will give notice of the violations of its rights and intent to proceed in rem, to the postal and email addresses set forth in the registration records for <getir190.com>.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) because the .com domain name registry operator VeriSign Inc. is located in this district.

17. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## **FACTS**

### Getir's Delivery Business

18. Getir is a grocery delivery business that offers on-demand speedy delivery service for grocery items in addition to a courier service for restaurant food deliveries.

19. Using Getir's mobile application, a customer can place an order, which is retrieved by the nearest Getir G-Store, which then prepares the order and delivers it to the customer via an e-bike or e-scooter.

20. Getir has been wildly successful, and now offers services in more than 35 Turkish cities, 8 UK cities, 2 Spanish cities, 3 Dutch cities, 2 French cities, 2 German cities, 1 Italian city, and 1 Portuguese city.

21. Getir has delivered more than 160 million orders with riders driving more than 800 million kilometers.

22. In 2021, Getir expanded its services to the United Kingdom and Europe and announced plans to expand to the United States in late 2021.

### Getir's Trademarks

23. Getir owns the trademark GETIR. As described below, Getir's valid and subsisting trademarks, which appear on the Principal Register in the United States Patent and Trademark Office ("USPTO") and on its website, Getir.com, include the word mark GETIR, the square logo and a circular logo, respectively covered by U.S. Registration No. 6026027 and U.S. Serial No. 90704110 (referred to herein as Getir's trademarks).





### GETIR190.com

24. On November 5, 2021, Getir learned that a website located at www.getir190.com was making false and defamatory statements about Getir and its business practices.

25. A true and correct screenshot of the website appearing at <getir190.com> is attached as Exhibit B.

26. The <getir190.com> website contains Getir Turkey's marks that are altered to depict an individual crashing a bike and flying off from it, with images of blood coming down from the bottom of the circular logo.



27. To the immediate right of the altered mark, <getir190.com> states:

   SINCE 2020, MORE THAN 190 GETIR RIDERS HAVE DIED ON THE JOB IN TURKEY AMONG 630,000 TRAFFIC ACCIDENTS INVOLVING THEIR RIDERS.

   Getir workers in Turkey have no rights and no insurance, exposing them and their families to a life of debt and destitution if they get injured or die on the job. Getir is all smiles for now in Europe and the UK, but slowly and surely the mask is starting to slip.

28. Further down, <getir190.com> states:

   YOUR GETIR ORDER COULD KILL A RIDER AND LEAVE A BROKEN FAMILY

   If a driver gets injured or dies, they or their families are left with nothing. The riders have no insurance and can expect no sympathy or pay out from the company. Every Getir driver is a moment away from death, injury and destitution.

29. The <getir190.com> website also contains an embedded Vimeo video that contains statements similar to those made above.

30. These statements are false, and upon information and belief, John Doe knew the statements to be false at the time they were made.

31. In truth, there were 190 deaths among all motorcycle couriers in Turkey since March 2020—not among Getir couriers alone. *See* Idris Emen, Number of deaths of delivery riders rises tenfold during pandemic, Huttiyet Daily News, Mar. 6, 2021, available at https://www.hurriyetdailynews.com/number-of-deaths-of-delivery-riders-rises-tenfold-during-pandemic-162903

32. ███████████████████████████████████████████████████████████████████

33. Further, all Getir riders are obligated to have health insurance, and excess accident coverage is paid to a rider's beneficiaries in the event of death.

34. John Doe knows or should know that its statements are false because it cites the aforementioned study from the Federation of All Anatolian Motorcycle Couriers (TAMKF) on its website, yet distorts the findings of 190 delivery drivers dying in Turkey since March 2020 to instead state that 190 *Getir* delivery drivers died since that time.

35. Getir takes great efforts to ensure that its riders travel safely and in compliance with all traffic laws.

36. Getir's safety team, dedicated to riders' safety, together with a head safety officer in each jurisdiction evaluates traffic infractions and takes appropriate action to ensure that unsafe riders are not permitted to continue working within Getir network. As a part of this system, Getir (i) provides detailed training and protective gear to all of its riders as part of their onboarding, (ii) tracks the movements of its riders to check their compliance with Getir's safety standards, (iii) does not allow its riders to ride on highways, (iv) does not allow the riders to carry heavy orders

(determined based on the technical assessment of the safety team) on two or three wheel vehicles.

37. Also, in an attempt to provide coverage for its riders, Getir has (which was a first in Turkey) provided private health insurance for its riders and made this mandatory for all riders active in its network.

38. On November 5, 2021 unknown parties began posting flyers throughout the United Kingdom containing Getir's marks—distorted in the same way as shown above—and directing the public to the infringing website through an easily scannable "QR code." The posters were heavily littered throughout the United Kingdom and were placed on bicycles, windows, and utility poles.

39. Unknown parties have continued to place posters throughout the United Kingdom as of the date of filing this Complaint.

40. At the website, the public is encouraged to share stories about Getir and post links to the website to social media or share the QR code containing a link to the Website (which is also found on the flyers).

## COUNT ONE
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)
**(Against all Defendants)**

41. Getir repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

42. Getir's marks are famous and/or distinctive and were famous and/or distinctive prior to the registration of <getir190.com>.

43. <getir190.com> fully incorporates Getir's mark GETIR.

44. The use of Getir's mark within <getir190.com> is without authorization from Getir.

45. The registrant of <getir190.com> has not engaged in bona fide noncommercial or fair use of the Getir marks in a website accessible under <getir190.com>.

46. The website displayed by the registrant of <getir190.com>, John Doe, is likely to be confused with Getir's legitimate online location at <getir.com>.

47. Upon information and belief, the registrant of <getir190.com> registered <getir190.com> with the intent to divert consumers seeking access to genuine Getir services online away from Getir's website at <www.getir.com> for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of <getir190.com> and the sites displayed through use of <getir190.com>.

48. The registrant of <getir190.com> hid its contact information when applying and maintaining the registration of <getir190.com> by concealing its identity from the public WHOIS records for <getir190.com>.

49. The aforesaid acts by the registrant of <getir190.com> constitute registration, maintenance, and use of a domain name that is confusingly similar to Getir's marks with bad faith intent to profit therefrom.

50. Such bad faith intent to profit is further demonstrated by <getir190.com>'s coordinated campaign to direct users to its website through social media and the creation of videos that appear on YouTube and Vimeo.

51. The aforesaid acts by the registrant of <getir190.com> constitutes unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

52. The aforesaid acts have caused, and are causing, great and irreparable harm to Getir and the public. The harm to Getir includes harm to the value, reputation, and goodwill

associated with the Getir marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

53. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Getir is entitled to an order transferring <getir190.com> to Getir.

## COUNT TWO
### (Defamation and Defamation Per Se)
### (Against John Doe)

54. Getir repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

55. John Doe published false and defamatory statements.

56. As detailed above, John Doe falsely claims that (1) "Getir brings death in minutes"; (2) "Our riders are dying to serve you"; (3) "Since 2020, more than 190 Getir riders have died on the job in Turkey among 63,000 traffic accidents involving their riders"; (4) Getir workers in Turkey have no rights and no insurance, exposing them and their families to a life of debt and destitution if they get injured or die on the job"; and (5) "If a driver gets injured or dies, they or their families are left with nothing. The riders have no insurance and can expect no sympathy or pay out from the company. Every Getir driver is a moment away from death, injury, and destitution."

57. John Doe's statements and conduct concerned Getir and were intended to refer to Getir and would be so understood by a person reading it who knew Getir's business.

58. John Doe's statements were asserted falsely or used language which prejudice and harm Getir's business and trade.

59.     John Doe knew these statements were false and intentionally portrayed Getir in a false and defamatory light or, at a minimum, engaged in this conduct with reckless disregard as to whether the statements were false.

60.     John Doe's statements have been disseminated on the Internet for the entire world to see.

61.     These materially false and misleading statements were made with the intent to harm, and did harm, Getir's reputation and goodwill.

62.     John Doe engaged in this conduct with malice, ill-will, spite, and evinced a conscious disregard for the rights of Getir.

63.     Due to the severity of John Doe's willful misconduct and malice, defamation, and defamation per se, Getir is also entitled to punitive damages.

64.     Getir faces irreparable harm if <getir190.com> is allowed to continue publishing false statements and is not preliminary and permanently enjoined.

65.     Further, Getir is expanding its operations to Chicago, New York, New Jersey, Boston, and other U.S. cities, and Defendants' attempts to use Getir's marks to direct consumers to their defamatory website are threatening to destroy Getir's important efforts to hire employees and encourage new United States consumers to try its service.

## PRAYER FOR RELIEF

WHEREFORE, Getir requests that this Court enter judgment in its favor and against Defendants John Doe and <getir190.com> and further:

a.      Finding that Defendants' conduct as described above is in violation of the ACPA, 15 U.S.C. § 1125(d);

b. Granting a preliminary and permanent injunction ordering Defendants, its officers, agents, and employees, and all persons acting in concert with them, to cease and refrain from using Getir's marks;

c. Ordering the transfer of <getir190.com> to Getir, as provided in 15 U.S.C. § 1125(d)(1)(C);

d. Awarding Getir a money judgment for Defendants' profits and Getir's damages pursuant to 15 U.S.C. § 1117;

e. Awarding Getir $100,000 in statutory damages pursuant to 15 U.S.C. § 1117;

f. Trebling the award to Getir under 15 U.S.C. § 1117 on account of Defendants' willful, intentional, and bad-faith conduct;

g. Awarding Getir its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

h. Awarding Getir pre-judgment and post-judgment interest;

i. Awarding Getir compensatory damages, plus demonstrated past and future pecuniary damages, and punitive and exemplary damages not to exceed $350,000 incurred as a result of John Doe's defamation; and

j. Awarding Getir such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Getir hereby demands a trial by jury on all claims and issues so triable.

|  |  |
|---|---|
| Dated: November 8, 2021 | VENABLE LLP |

      /s/
Nicholas M. DePalma (VSB No. 72886)
Kevin W. Weigand (VSB No. 81073)
8010 Towers Crescent Drive, Ste 300
Tysons Corner, VA 22182
Tel: 703-905-1449
Fax: 703-821-8949
nmdepalma@venable.com
kwweigand@venable.com


Roger A. Colaizzi (VSB No.32651)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Tel: 202-344-8051
rcolaizzi@venable.com


*Counsel for Plaintiffs*