UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| GETIR US, INC., <br><br> and <br><br> GETIR PERAKENDE LOJISTIK A.S., <br><br> Plaintiffs, <br> v. <br><br> JOHN DOE <br><br> and <br><br> getir190.com, a domain name, <br><br> Defendants. | Civil Action No. 1:21-cv-01237 |

## ORDER

This matter is before the Court on Plaintiffs' Getir US, Inc.'s and Getir Perakende Lojistik A.S. (collectively "Getir") Motion to seal the unredacted copy of (1) Getir's Complaint; (2) Getir's Memorandum in Support of its Emergency Ex Parte Motion for Temporary Restraining Order; (3) Getir's Proposed Order granting its Emergency Motion; and (4) the Declaration of Mert Salur.

The Court has reviewed Getir's Motion and Memorandum in Support and finds that sealing the unredacted copy of the above document is necessary to protect the sensitive information contained therein. Each of the requirements for filing under seal is met: (1) Getir notified the public of this request by publicly filing the Motion to Seal and accompanying Notice; (2) Getir has considered less drastic alternatives to sealing and there are no less drastic alternatives that would protect the parties' interests; and (3) the public's interest in accessing the sensitive information Getir wishes to file under seal is outweighed by the parties' interests in preserving the sensitive

information. The statements at issue constitute confidential business information, and Getir has taken reasonable steps to protect it, which has long been recognized as a significant private interest that will overcome the common law right of public access to judicial records and justify sealing of judicial filings. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (sealing court records permissible to prevent others from "gaining a business advantage" from materials filed with the court). Thus, it is appropriate to allow the limited redacted information to remain under seal. Therefore, it is hereby

**ORDERED** that Getir's Motion to Seal (Dkt. 8) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall maintain under seal the unredacted copy of (1) Getir's Complaint; (2) Getir's Memorandum in Support of its Emergency Ex Parte Motion for Temporary Restraining Order; (3) Getir's Proposed Order granting its Emergency Motion; and (4) the Declaration of Mert Salur. (Dkts. 10, 11, 12, 13.)

Dated: November 18th, 2021

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia