UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| GETIR US, INC., and GETIR PERAKENDE LOJISTIK A.S., Plaintiffs, v. JOHN DOE and getir190.com, a domain name and 190getir.com, a domain name, Defendants. | Civil Action No. 1:21-cv-1237 (RDA/TCB) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Plaintiffs Getir US, Inc. and Getir Perakende Lojistik A.S. (collectively "Getir), by and through undersigned counsel, and under Local Rule 5(C), submits this memorandum in support of its Motion to Seal unredacted copies of: (1) Getir's Amended Complaint; and (2) Exhibit A to Getir's Memorandum in Support of its November 15, 2021 Emergency Ex Parte Motion for Temporary Restraining Order ("Motion").

In connection with motions to seal, the Fourth Circuit requires: (1) public notice that allows an opportunity to object to the filing; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

1. Here, Getir has provided the appropriate public notice to allow an opportunity to object. Getir has also considered and applied less drastic alternatives, including publicly redacting only those portions that Getir deems necessary to be sealed to protect its business while allowing the remaining portions to be filed publicly.

2. Getir requests that the redacted information remain under seal because those portions of the aforementioned documents that are currently redacted contain internal and proprietary information concerning Getir's business statistics and plans that have not been publicly announced. Specifically, the redacted information contains discussion of Getir's business strategy in connection with United States operations and discussion of information concerning traffic accidents that is not publicly reported.

3. "Confidential business information" is a specific type of property. "Confidential business information has long been recognized as property. Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987).

4. The statements at issue constitute confidential business information, and Getir has taken reasonable steps to protect it, which has long been recognized as a significant private interest that will overcome the common law right of public access to judicial records and justify sealing of judicial filings. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (sealing court records permissible to prevent others from "gaining a business advantage" from materials filed with the court). Thus, it is appropriate to allow the limited redacted information to remain under seal.

WHEREFORE, Getir requests leave to file under seal unredacted copies of: (1) Getir's Amended Complaint (Dkt. 21); and (2) Exhibit A to Getir's Memorandum in Support of its November 15, 2021 Emergency Ex Parte Motion for Temporary Restraining Order (Dkt. 23-1).

Dated: November 23, 2021                VENABLE LLP

                                              /s/
Nicholas M. DePalma (VSB No. 72886)
Kevin W. Weigand (VSB No. 81073)
8010 Towers Crescent Drive, Ste 300
Tysons Corner, VA 22182
Tel: 703-905-1449
Fax: 703-821-8949
nmdepalma@venable.com
kwweigand@venable.com

Roger A. Colaizzi (VSB No. 32651)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Tel: 202-344-8051
rcolaizzi@venable.com

*Counsel for Plaintiffs*